**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Pierce Division**

**Civil Action No.: 2:19-cv-14243**

CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiff,*

v.

U.S. FISH AND WILDLIFE SERVICE,

*Defendant*.

# PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. The Center for Biological Diversity (Center), an environmental conservation organization that protects native wildlife species and their habitats, sues over the U.S. Fish and Wildlife Service's (Service) failure to comply with the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *as amended*. Specifically, this action concerns the Service's failure to comply with the Center's FOIA request from October 12, 2017, seeking public records regarding the Florida Keys mole skink—an imperiled lizard—and the Service's decision not to protect it under the Endangered Species Act. The Service has unlawfully withheld records responding to the Center's FOIA request in violation of FOIA.

2. The Center seeks declaratory relief establishing that the Service violated and continues to violate FOIA. The Center also seeks injunctive relief ordering the Service to conduct adequate searches and release to the Center all responsive records, including all reasonably segregable portions of any lawfully exempt records, without further delay.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331(federal question), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

4. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because a substantial number of the records are likely located in this District.

## III. PARTIES

5. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization that works to protect native plants and wildlife and their habitats. The Center is dedicated to the preservation, protection, and restoration of biodiversity and ecosystems throughout the world. The Center has offices throughout the United States and more than 63,000 members. The Center submitted the FOIA request at issue here. The Center and its members are harmed by the Service's failure to comply with FOIA because it harms the Center's ability to gain and provide to the public full, accurate, and current information about the Florida Keys mole skink and the Service's implementation of the Endangered Species Act.

6. The Center informs, educates, and counsels the public regarding environmental issues, policies, and laws relating to environmental issues, including the Endangered Species Act. The Center works to provide its members and the public with a better understanding of the government's management of harms to the environment, especially as these harms affect protected species of wildlife. The Center has been substantially involved in the management activities of numerous government agencies for years and has consistently displayed its ability to disseminate information granted to it through FOIA. Informing the public is central to the

Center's mission. The Center educates and informs the public through media advocacy, its webpage, and publications that are widely distributed.

7. Defendant U.S. FISH AND WILDLIFE SERVICE is an agency of the federal government within the U.S. Department of the Interior. The Service possesses and controls the records the Center seeks, and it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and responsible for fulfilling the Center's FOIA request.

## IV. STATUTORY BACKGROUND

8. FOIA's basic purpose is government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld according to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552(b)(1)–(9).

9. FOIA requires federal agencies to release requested records about their activities to the public unless one or more of the specific statutory exemptions applies. 5 U.S.C. § 552.

10. FOIA places the burden on federal agencies to prove they may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

11. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination. *Id.* § 552(a)(6)(A)(i). The notification must include the reasons for the agency's determination. It also must inform the requester of his or her rights to seek assistance from a FOIA Public Liaison and to appeal an adverse agency determination. *Id.*

12. An agency may extend its time to make a determination by no more than 10 additional working days if "unusual circumstances exist," but to do so, it must provide written notice to the requester setting forth the unusual circumstances and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written

notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within [the statutory] time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). It also "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*; *see generally* 43 C.F.R. §§ 2.16, 2.19 (providing basic timeline for responding to a request and the procedure for extensions).

13. Federal agencies must construe and conduct any search under FOIA in a manner that is reasonably calculated to locate all responsive records. 5 U.S.C. § 552(a)(3)(C)–(D); *see also* 43 C.F.R. § 2.12(a), (c) (requiring the agency to make a "reasonable effort" to search for responsive records, including in paper and electronic form).

14. FOIA requires federal agencies to promptly disclose requested records. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i); 43 C.F.R. § 2.22(c).

15. Agencies may withhold responsive records in certain limited instances, if any of nine specific exemptions apply. 5 U.S.C. § 552(b). However, both Congress and courts narrowly construe these nine exemptions because FOIA's objective is to disclose, not to hide, government actions and activities. When these exemptions do apply, agencies must "take reasonable steps necessary to segregate and release nonexempt information" and provide to the requester "[a]ny reasonably segregable portion of the record" after deleting the exempt portions. *Id.* § 522(a)(8)(A)(ii)(II), (b); 43 C.F.R. § 2.25.

16. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## V. STATEMENT OF FACTS

17. The Florida Keys mole skink (*Plestiodon egregius egregius*) is a small, shiny lizard with a bright pink tail that lives along shorelines of some islands in the Florida Keys.

18. This distinctive lizard has been slowly disappearing as human development destroys and crowds its shoreline habitat and non-native predators like cats prey on it. In fact, this lizard has apparently disappeared from many places across its small range, including islands that have ideal habitat for it.

19. Climate change also seriously threatens the skink and its habitat. Major storms of increasing strength and frequency coupled with steady sea-level rise degrade and inundate the skink's coastal habitat and will continue to do so into the foreseeable future.

20. Because of these threats, in 2010 the Center petitioned the Service to protect the Florida Keys mole skink under the Endangered Species Act.

21. In 2017, the Service denied protections for the Florida Keys mole skink even though the science before it showed that sea-level rise alone is likely to inundate roughly half of the skink's remaining habitat by 2060. 82 Fed. Reg. 46,618, 46,639 (Oct. 5, 2017).

22. To determine the Service's basis for denying protections to the Florida Keys mole skink, the Center submitted a FOIA request to the Service on October 12, 2017 (FOIA Request or Request). The Center requested the decision file, and all records mentioning, including, referencing, and/or generated in connection with the Service's decision not to protect the Florida Keys Mole Skink as an endangered or threatened species, including but not limited to all records mentioning, including, and/or referencing the species' status assessment. The Request included responsive records held in any of the Service's relevant offices, including headquarters.

23. On October 13, 2017, Sheri Williams from the Service's Headquarters Freedom of Information Act Office acknowledged receipt of the FOIA Request and indicated she had forwarded it to the Region 4 Office for processing. She also stated that the Center would receive a formal acknowledgement shortly.

24. On October 16, 2017, Tiffany McClurkin, the Service's open government specialist and FOIA coordinator for the Region 4 office, acknowledged that the Service received the Center's FOIA Request on October 12, 2019, and assigned it tracking number FWS-2018-00064. Ms. McClurkin stated that the Service had granted the Center's request for a fee waiver. Additionally, Ms. McClurkin explained that the Service had put the Center's FOIA Request in its "exceptional/voluminous" queue, meaning that it would take more than 60 workdays to process. Nevertheless, Ms. McClurkin acknowledged that the Service's use of multi-track processing did not alter its statutory deadline to comply with the Center's Request.

25. On June 4, 2019, the Center's open government staff attorney, Margaret Townsend, sent Ms. McClurkin a Notice of Deadline Violation, Request for Estimated Date of Completion and Offer to Assist the U.S. Fish & Wildlife Service FOIA Request FWS-2018-00064 (Notice). In the Notice, Ms. Townsend informed Ms. McClurkin that a determination on the Center's FOIA Request was due 20 workdays after receipt of the Request, on November 8, 2017, and that 411 workdays had passed with no responsive records or a determination date from the Service. Ms. Townsend emphasized that although the Center was not exercising its legal option at the time and hoped to work cooperatively to resolve the Service's delay, time was of the essence.

26. On June 6, 2019, Ms. McClurkin acknowledged receipt of the Notice and stated that she would follow up with "the Program" to request a status update.

27. As of the date of this Complaint, the Service has not provided the Center with a final determination on its FOIA Request.

28. As of the date of this Complaint, the Service has not described the scope of the responsive records it intends to produce or withhold, or the reasons for withholding any such records. *Id.* § 552(a)(6)(A)(i); (a)(6)(B).

29. As of the date of this Complaint, the Service has not informed the Center that it may appeal any adverse determination within the relevant time periods as FOIA allows. *Id.* § 552(a)(6)(A)(i)(III).

30. As of the date of this Complaint, the Service has not provided any records in response to the Center's October 12, 2017 FOIA Request. The Service also has not provided an estimated date by which the Service will provide a determination on the Center's Request.

31. The Service has no lawful basis for its delay or to withhold or redact the records that are responsive in the Center's October 12, 2017 FOIA Request.

32. The Center has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

33. The Center has been required to expend resources to prosecute this action.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
*The Service Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request*

34. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

35. The Center properly requested records within the control of the Service through its October 12, 2017 FOIA Request to the agency, tracking number FWS-2018-00064.

36. The Center has a statutory right to a lawful final determination from the Service on its Request in a manner that complies with FOIA. The Service has violated the Center's rights in this regard by unlawfully delaying its response beyond the mandatory FOIA deadline. 5 U.S.C. § 552(a)(6)(A)(i).

37. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

38. The Center's organizational activities will be adversely affected so long as the Service is allowed to violate FOIA's disclosure provisions.

39. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

40. The Center is entitled to reasonable costs of litigation, including attorney's fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
*The Service Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request*

41. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

42. The Center has a statutory right to have the Service process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). The Service has violated the Center's rights in this regard by failing to conduct an adequate search that is reasonably calculated to locate all records that are responsive to the Center's FOIA Request.

43. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

44. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

45. The Center is entitled to reasonable costs of litigation, including attorney's fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
*The Service Failed to Disclose All Records That Are Responsive to the Center's FOIA Request*

46. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47. The Center has a statutory right to the records it seeks, and there is no legal basis for the Service to assert that any of FOIA's nine, narrow exemptions to mandatory disclosure allow it to withhold records from the Center. *See* 5 U.S.C. § 552(a)(3)(A), (b). The Service has violated the Center's rights in this regard by withholding records and parts thereof that are responsive to the Center's FOIA Request.

48. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

49. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

50. The Center is entitled to reasonable costs of litigation, including attorney's fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

FOURTH CLAIM FOR RELIEF
VIOLATION OF THE FREEDOM OF INFORMATION ACT
*The Service Failed to Provide Reasonably Segregable Portions of Exempt Records*

51. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

52. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

53. The Service violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA Request.

54. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

55. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

56. The Center is entitled to reasonable costs of litigation, including attorney's fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## VII. PRAYER FOR RELIEF

WHEREFORE, the Center respectfully requests that this Court:

(1) Declare that the Service violated the Freedom of Information Act by failing to timely make a determination on the Center's FOIA Request, failing to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's Request, and failing

to disclose to the Center the requested records and all reasonably segregable portions thereof, 5 U.S.C. § 552(a)(3)(A)–(D), (a)(6);

(2) Order the Service to search for all responsive records to the Center's FOIA Request using search methods that are reasonably likely to locate all responsive records, with the cut-off date for such search being the date the search is conducted;

(3) Order the Service to produce, by a date certain, all non-exempt responsive records, including reasonably segregable portions of any lawfully exempt records, and a *Vaughn* index of any responsive records or portions thereof withheld under a claim of exemption;

(4) Retain jurisdiction of this action to ensure the processing of the Center's FOIA Request and that no agency records are improperly withheld;

(5) Award the Center its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

DATED: July 15, 2019

Respectfully submitted,

*/s/ Elise Pautler Bennett*
ELISE PAUTLER BENNETT, Trial Counsel
FL Bar No. 106573
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
(727) 755-6950
ebennett@biologicaldiversity.org

*/s/ Jaclyn Lopez*
JACLYN LOPEZ
FL Bar No. 96445
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731

(727) 490-9190
jlopez@biologicaldiversity.org

*/s/ Brian Segee*
BRIAN SEGEE
CA Bar No. 200795
*seeking admission pro hac vice*
Center for Biological Diversity
660 S. Figueroa St., Suite 1000
Los Angeles, CA 90017
(805) 750-8852
bsegee@biologicaldiversity.org