**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:19-CV-14243-ROSENBERG/MAYNARD**

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

          v.

U.S. FISH AND WILDLIFE SERVICE and
DAVID BERNHARDT, in his official
capacity as Secretary of the Department of the
Interior,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO**
**COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD**

THIS CAUSE is before the Court on Plaintiff Center for Biological Diversity's ("the

Center") Motion to Compel Completion of the Administrative Record ("Motion").   DE 33.

Defendants United States Fish and Wildlife Service and David Bernhardt, in his official capacity

as Secretary of the United States Department of the Interior (together, "FWS") filed a response in

opposition to the Motion (DE 37), and Plaintiff filed a reply (DE 42).  After careful consideration

of these materials and the record, and being fully advised in the premises, the Court **GRANTS** the

Motion for the reasons that follow.

## I.      BACKGROUND

This case is a challenge to FWS's decision not to list the Florida Keys mole skink, a type

of lizard, as endangered or threatened under the Endangered Species Act ("ESA"), 16 U.S.C. §

1531 *et seq*.  The Center contends that FWS's finding was arbitrary, capricious, an abuse of

discretion, and not in accordance with law under the Administrative Procedure Act ("APA"), 5

U.S.C. § 706(2)(A).  In the instant Motion, the Center argues that FWS failed to designate the "whole record" required for judicial review under the APA by improperly withholding documents deemed deliberative in nature.

FWS submitted the administrative record on January 15, 2020 and supplemented it on March 6, 2020.  DE 27, 32.  The Center claims that the record is incomplete because there are numerous documents relating to the mole skink finding that FWS did not include in the record.  The Center previously obtained these documents from FWS under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1]  FWS responds that although these documents were responsive to the Center's FOIA requests, they are not properly part of the administrative record under the APA.  The Center seeks a Court order compelling FWS to produce the 357 records allegedly missing from the record and to produce a privilege log specifically justifying any claims of privilege for withheld documents.

## II.       LEGAL STANDARD

Judicial review of agency action under the APA is based on the "whole record" before the agency.  5 U.S.C. § 706; *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[R]eview is to be based on the full administrative record that was before the Secretary at the time he made his decision.").  An agency's designation of the administrative record receives "a strong presumption of regularity."  *BBX Capital Corp. v. FDIC*, No. 17-cv-62317, 2018 WL 6531601, at *1 (S.D. Fla. Aug. 15, 2018) (quoting *Am. Petroleum Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 260–61 (D.D.C. 2013)).

---

[1] The Center originally filed two cases against FWS: one including its claims under the ESA/APA, and another including claims under FOIA.  Following a status conference, the Center agreed to consolidate its claims in a single complaint.  DE 14.  The Center filed an Amended Complaint to that effect, which remains the operative complaint. DE 16.  The parties have since resolved their FOIA dispute, resulting in the dismissal with prejudice of all FOIA counts.  DE 40.

## III.    DISCUSSION

The parties' disagreements include the following: the standard that governs motions of this nature, whether the Center has met that standard with respect to the 357 documents at issue, and whether FWS is justified in withholding the documents without producing a privilege log. Each of these disagreements is derivative of a more fundamental question: what is the scope of the administrative record? Because this is a threshold issue for the resolution of the Motion, the Court addresses it first.

## A.    Scope of the Administrative Record

The APA authorizes courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In determining whether agency action is arbitrary and capricious, the Court's role is as follows:

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made. In reviewing that explanation, [the court] must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal citations and quotation marks omitted).

The APA further provides that "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. What exactly is meant by the "whole record" has largely been left to judicial resolution. In *Overton Park*, the Supreme Court held that judicial review "is to be

based on the full administrative record that was before the Secretary at the time he made his decision." 401 U.S. at 420. In applying this standard, lower courts have elaborated that the full administrative record includes "all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted); *see also Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency."); *BBX Capital*, 2018 WL 6531601, at *1 ("The administrative record consists of 'all documents and materials that the agency directly or indirectly considered . . . .'") (quoting *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006)) (internal quotation marks omitted).

Here, the Center argues that FWS "directly or indirectly considered" each of the documents at issue, and therefore, they are part of the whole record subject to the Court's review. FWS disagrees, arguing that the whole record "consists of the record compiled by the agency itself, not what an opposing party contends to be the appropriate record for review." DE 37 at 6. Under this view, the record is simply whatever the agency submits to the court, and if that record fails to adequately explain the agency's decision, then the court should remand to the agency for reconsideration.

No authority cited by FWS stands for the proposition that an agency unilaterally determines the contents of the record. *See Overton Park*, 401 U.S. at 420 (defining the whole record as "the full administrative record that was before the Secretary at the time he made his decision"); *Bar MK*, 994 F.2d at 739 ("An agency may not unilaterally determine what constitutes the Administrative Record."); *Thompson*, 885 F.2d at 555 ("The whole administrative record,

however, is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record.") (citation and internal quotation marks omitted).

As FWS correctly notes, an agency's designation of the record receives a "strong presumption of regularity." *BBX Capital*, 2018 WL 6531601, at *1 (quoting *Am. Petroleum*, 952 F. Supp. 2d at 261); *see Bar MK*, 994 F.2d at 740 ("[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity."). But if whatever the agency designated necessarily constituted the whole record, there would be no need for a presumption. Even material that was heavily considered by decision-makers would amount to "extra-record" evidence if the agency failed to designate it.

It is impossible for courts to meaningfully undertake "a thorough, probing, in-depth review" if an agency's designation of the record omits materials that were before the decisionmaker. *Overton Park*, 401 U.S. at 415. For example, in determining whether the agency "offered an explanation for its decision that runs counter to the evidence before the agency," the court must in fact be presented with all of the evidence before the agency. *State Farm*, 463 U.S. at 43. Accordingly, the Court adheres to the broad consensus that the record includes all materials "directly or indirectly considered by agency decision-makers." *Thompson*, 885 F.2d at 555.

## B.    Deliberative Process Privilege

FWS next argues that the documents subject to the Center's motion are deliberative in nature and therefore are not properly part of the administrative record.[2] The Center disagrees,

---

[2] The Court addresses this question before determining whether the Center has met its burden because it bears on the legal standard that applies to the Center's motion. If deliberative documents are not properly part of the administrative record, then the motion is one to consider extra-record evidence, which generally requires a showing of bad faith, as discussed in Part III.C, *infra*. Otherwise, it is subject to the standard governing motions to "complete" the administrative record.

arguing that deliberative documents are part of the record unless and until the agency justifies a claim of privilege.

The deliberative process privilege is intended "to allow agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Moye, O'Brien, O'Rourke, Hogan & Pickert v. Nat. R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004). To qualify for the privilege, "a document must be both 'predecisional' and 'deliberative.'" *Id.* (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001)). A document is predecisional if it was "prepared in order to assist a decision-maker in arriving at his decision," and it is deliberative if its disclosure "would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency." *Id.* at 1278. The privilege is a species of executive privilege that applies broadly in litigation with government agencies as well as requests under FOIA. *See Klamath*, 532 U.S. at 8 (noting that the deliberative process privilege is a "civil discovery privilege[]" incorporated under Exemption 5 of FOIA).

The parties agree that any document covered by the deliberative process privilege should be excluded from the administrative record. But the parties disagree about ***why*** such documents are excluded. The Center argues that any document that meets the "directly or indirectly considered" standard should be excluded from the administrative record only if FWS substantiates a claim of privilege with respect to that document, following the typical procedure of privilege logging. FWS argues that deliberative documents are not part of the record for a different reason: they are not relevant. It cites an October 2017 memorandum issued by Acting Assistant Attorney General Jeffrey H. Wood ("Wood Memo") as the official position of the Department of Justice. DE 37 at 12; DE 33-21. The Wood Memo states: "[A]gency deliberative documents—i.e.,

documents reflecting the agency's predecisional deliberative process—generally are not relevant to APA review, and including them in the administrative record would inhibit agency decision-making." DE 33-21 at 1.[3]

The D.C. Circuit, the only court of appeals to have directly addressed the issue, shares this view. In *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019), the court held that predecisional and deliberative documents "are not a part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." *Oceana*, 920 F.3d at 865 (internal quotation marks and citation omitted). The court went on to state that "since predecisional documents are irrelevant and therefore not otherwise discoverable, they are not required to be placed on a privilege log." *Id.* (internal quotation marks omitted).

Several courts of appeals have implicitly taken the opposite view. The Ninth Circuit held that it was not clearly erroneous for a district court to require a privilege log for documents claimed to be covered by the deliberative process privilege in an APA case. *In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) (noting that the court had "not previously addressed whether assertedly deliberative documents must be logged" but that it was the practice of "many district courts within this circuit"), *vacated on other grounds*, 138 S. Ct. 443 (2017).[4] And both the Second and Fourth Circuits have, in unpublished orders, endorsed the view that deliberative documents are excluded as a matter of privilege, not relevance. *See Defs. of Wildlife v. U.S. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019) (ordering the agency to "submit a privilege log in the

---

[3] The Wood Memo also states that "any contrary guidance you may have received from [the Environment and Natural Resources Division], including the January 1999 document entitled 'Guidance to the Federal Agencies in Compiling the Administrative Record,' should be disregarded." DE 33-21 at 1.

[4] The Supreme Court vacated the Ninth Circuit's decision on the basis that that the district court had ordered the production of documents and a privilege log without allowing the agency to argue certain jurisdictional issues. *In re United States*, 138 S. Ct. at 445. If the agency prevailed on those issues, the case never would have proceeded to review of the administrative record. The Court did not pass on the agency's claim that deliberative documents were categorically exempt from the record.

event the Government withholds any documents under guise of the deliberative process privilege"); *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (denying writ of mandamus and stating that "the possibility that some documents not included in the record may be deliberative does not necessarily meant that they were properly excluded," and "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege"). The Eleventh Circuit has not yet addressed this issue.

District courts are also split. *Compare New York v. Wolf*, Nos. 20-cv-1127, 20-cv-1142, 2020 WL 2049187, at *3 (S.D.N.Y. Apr. 29, 2020) ("[N]either logic nor the law of this Circuit suggests that defendants in APA cases should be immune from the standard requirement in civil litigation to produce a privilege log. . . ."), *and Ctr. for Biological Diversity v. Bernhardt*, No. 19-cv-109, 2020 WL 1130365, at *3 (D. Mont. Mar. 9, 2020) ("[D]eliberative documents are not categorically excluded from the administrative record. . . . The agency may protect such documents by asserting the qualified deliberative process privilege but must produce a privilege log to do so."), *with S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, No. 17-cv-3412, 2020 WL 858599, at *4 (D.S.C. Feb. 21, 2020) (denying motion to compel production of deliberative documents and citing *Oceana*, 920 F.3d at 865), *and Friends of Animals v. U.S. Fish and Wildlife Serv.*, No. 18-cv-00053, 2019 WL 8137578, at *3 (D. Utah Dec. 27, 2019) ("An agency is not required to assert a privilege or produce a privilege log in order to withhold pre-decisional, deliberative materials from the record.").

For two primary reasons, the better view is that deliberative documents are not categorically excluded from the administrative record. Rather, they are excluded upon a substantiated claim of the deliberative process privilege.

i.   *Deliberative documents are not "irrelevant" to APA review.*

It is difficult to reconcile the notion that deliberative documents are irrelevant to judicial review sswith the APA's command that review is to be based on the "whole record." The definition of "whole record"—material that was directly or indirectly considered by agency decisionmakers—should be the agency's north star. Either a document was considered or it was not; there is no obvious place for "relevance" under that standard. FWS's argument to the contrary is two-fold: (1) "agency action is judged on the basis of the agency's stated reasons for its decision," and (2) the inclusion of deliberative documents amounts to an "inquiry into the mental processes of administrative decisionmakers." DE 37 at 7–8.

First, agency action is indeed judged based on the agency's stated rationale. But this means only that "[i]f the court finds deficiencies in the agency's reasoning, it may not rectify them or provide a reasoned basis for the agency decision which the agency itself has not articulated." *Sierra Club v. U.S. Army Corps of Eng'rs*, 295 F.3d 1209, 1216 (11th Cir. 2002). It does not mean that courts have no role in ensuring at the outset that they have been presented with the whole record. Second, it is also true that deliberative documents are prone to reveal the mental processes of decisionmakers—in fact, that is a requirement to claim the privilege, and such privileged documents should be excluded from the record. *Moye*, 376 F.3d at 1278 (noting that "predecisional materials are privileged to the extent that they reveal the mental processes of decisionmakers") (citation and internal quotation marks omitted). But that's not a matter of ***relevance***; to the extent a deliberative document discloses the factors that were or were not considered by the agency, it may "go to the heart" of whether a decision was arbitrary and capricious. *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 382 (N.D. Cal. 2017).

Although the Court is not bound by it, a discussion of the D.C. Circuit's approach is appropriate because FWS relies on it.  In *Oceana*, the court stated:

> [O]n arbitrary and capricious review, absent a showing of bad faith or improper behavior, "[a]gency deliberations not part of the record are deemed immaterial." *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279, 1280 (D.C. Cir. 1998). Because predecisional documents are "immaterial," they are not "discoverable." Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense ...." (emphasis added)). A privilege log is required only when "a party withholds information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5), and since predecisional documents are irrelevant and therefore not "otherwise discoverable," they are not required to be placed on a privilege log.

*Oceana*, 920 F.3d at 865.  The case cited for the proposition that deliberative documents are immaterial, *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279 (D.C. Cir. 1998), was a three-paragraph order granting partial rehearing of a decision enforcing a subpoena over the government's claim of deliberative process privilege.  In relevant part, it states:

> When a party challenges agency action as arbitrary and capricious the reasonableness of the agency's action is judged in accordance with its stated reasons. *Overton Park*, 401 U.S. 402. Agency deliberations not part of the record are deemed immaterial. *See Camp v. Pitts*, 411 U.S. 138 (1973); *United States v. Morgan*, 313 U.S. 409 (1941).  That is because the actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior.  *See Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457–58 (D.C. Cir. 1994); *Overton Park*, 401 U.S. at 420 (Where there is no administrative record to review, the party challenging the agency action may inquire into the decisionmaking process in order to create such a record, but it does not necessarily follow that the party can also probe subjective motivations.)

*In re Subpoena Duces Tecum*, 156 F.3d at 1279–80.

It is true that "[a]gency deliberations not part of the record are deemed immaterial"— ***anything*** not part of the record is ordinarily immaterial to APA review.  But *Oceana* cited this line for an arguably less natural reading: that agency deliberations ***are not*** part of the record.  The Court respectfully reaches a different conclusion about the inferences that can be drawn from the two

10

Supreme Court decisions cited in support of the D.C. Circuit's statement: *Camp v. Pitts*, 411 U.S. 138 (1973), and *United States v. Morgan*, 313 U.S. 409 (1941).

In *Camp*, the Comptroller of the Currency had failed to clearly explain his basis for denying an application to organize a new bank.  411 U.S. at 139–40.  The court of appeals had remanded the case to the district court for a *de novo* trial.  *Id.* at 140.  Finding this procedure inappropriate, the Supreme Court noted that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  *Id.* at 142. It went on to state that if the Comptroller's "finding is not sustainable on the administrative record made, then the Comptroller's decision must be vacated and the matter remanded to him for further consideration."  *Id.* at 143.  In short, the Supreme Court held that an agency action must "stand or fall" on the propriety of the agency's finding in light of the record already made, not *de novo* factfinding.  *Id.* at 143.  It said nothing about which agency documents are or are not part of the record.

*Morgan* involved a challenge to a rate-setting order issued by the Secretary of Agriculture. The district court had authorized the Secretary to be deposed, and he later appeared at trial. *Morgan*, 313 U.S. at 421–22.  The Secretary "was questioned at length regarding the process by which he reached the conclusions of his order, including the manner and extent of his study of the record and his consultation with subordinates."  *Id.* at 422.  The Supreme Court held that he "should never have been subjected to this examination" because "it was not the function of the court to probe the mental processes of the Secretary," analogizing the situation to examining a judge's mental process in deciding a case.  *Id.*  That an agency decisionmaker generally cannot be compelled to testify as to her mental processes does not yield the conclusion that deliberative documents that a decisionmaker considers are irrelevant to APA review.  Testimony of the type in

*Morgan* "cannot be deemed properly part of the administrative record in any event, because it did not exist until after the agency decision had been made." *In re United States*, 138 S. Ct. 371, 373 (2017) (Breyer, J., dissenting from grant of stay).

In sum, the D.C. Circuit's approach entrusts agencies with a large measure of discretion in determining the content of the administrative record, even accounting for the presumption of regularity. This risks frustrating effective judicial review and, as discussed below, permitting the unchecked growth of the deliberative process privilege.

ii.     ***The categorical exclusion of deliberative documents blurs the boundaries of the deliberative process privilege.***

Treating deliberative documents as irrelevant, as opposed to relevant and privileged, creates a divergence between the meaning of "deliberative" under the APA and "deliberative" in other contexts where the privilege is asserted. The facts of this case are an apt illustration of how this can happen.

The Center requested a large number of documents under FOIA, including "the decision file, and all records mentioning, including, referencing, and/or generated in connection with [FWS's] decision not to protect the Florida Keys Mole Skink as an endangered or threatened species, including but not limited to all records mentioning, including, and/or referencing the species' status assessment." DE 33-2 at 1. Among the documents that FWS produced in response to this request are the 357 documents in dispute. FWS created a privilege log and appears to have withheld only ***four documents*** under the deliberative process privilege.[5] DE 33-5 at 5; DE 33-6 at 1–2. Yet in opposing the Center's Motion, FWS states that its response to the FOIA request

---

[5] The Center argues that FWS asserted the deliberative process privilege over only two documents. DE 33 at 4 n.2. Although it appears that two documents in FWS's Revised *Vaughn* Index were withheld primarily on the basis of attorney-client privilege, the Index also notes that the documents were "[d]eliberative and pre-decisional intra-agency material." DE 33-5 at 5.

"included a wide variety of deliberative documents."  DE 37 at 7.  If these documents were deliberative, why were they produced rather than withheld as privileged?  There are a couple of potential answers to that question.

First, it may be that FWS could have claimed privilege with respect to the documents but did not do so.  If that's the case, it would seem that the damage has already been done by the agency's voluntary disclosure of the documents.  *See Moye*, 376 F.3d at 1270 (noting that the deliberative process privilege protects the agency's ability "to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny").  The parties have not briefed the issue of waiver, and the Court does not reach it, but if the documents at issue would truly "expose an agency's decision-making process in such a way as to discourage candid discussion within the agency," that presumably would have resulted in an invocation of privilege at the FOIA stage.  *Id.*

Second, it could be that "deliberative" means something different in the APA context than it means in every other context where the deliberative process privilege is appropriately raised.  This appears to be FWS's position—that the former is broader than the latter, and that a document can be withheld from the administrative record as deliberative even if it would not qualify for the deliberative process privilege.  If accepted, this position would transform the deliberative process privilege into a kind of super-privilege in APA cases.  Absent any opportunity for judicial review, the definition of "deliberative" would be unknowable to all except the agency itself.  And as Judge Rakoff notes, "a court that allowed an agency to withhold documents wrongly marked as deliberative would not be performing judicial review in the exacting manner prescribed by the Supreme Court in *Overton Park* and *State Farm*."  *New York v. ICE*, No. 19-cv-8876, 2020 WL 604492, at *2 (S.D.N.Y. Feb. 9, 2020); *see also Inst. for Fisheries Res. v. Burwell*, No. 16-cv-

01574, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) ("If a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege.").

Accordingly, the Court concludes that deliberative documents may be withheld from the record only upon invocation of the deliberative process privilege, as documented in a privilege log.

### C. Completion of the Record

Finally, the parties dispute the legal standard that governs the Motion.  The Center argues that it is seeking "completion" of the record, which entails adding materials to the record that the agency considered but failed to designate.  FWS argues that the motion is one to "supplement" the record with extra-record evidence, which generally requires "a strong showing of bad faith or improper behavior by the agency." *Nat. Mining. Ass'n v. Sec'y, U.S. Dep't of Labor*, 812 F.3d 843, 875 (11th Cir. 2016) (internal citation omitted) (quoting *Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007)).

The Center correctly notes that courts treat motions to complete as analytically distinct from motions to supplement.  *See, e.g., BBX Capital Corp.*, No. 17-cv-62317, 2018 WL 6531601, at *2 (S.D. Fla. Aug. 15, 2018); *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 (D. Colo. 2010); *Pac. Shores*, 448 F. Supp. 2d at 6 (noting distinction but using different terminology).  Because deliberative documents which were considered by the agency are properly part of the administrative record absent a claim of privilege, the Motion is one to complete the record.

To prevail on a motion to complete the record, the plaintiff must overcome the presumption of regularity that attaches to an agency's designation by identifying "reasonable, non-speculative

grounds for its belief that the documents were considered by the agency and not included in the record." *Pac. Shores*, 448 F. Supp. 2d at 6.  A motion to complete the record must clearly set forth: "(1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *BBX Capital*, No. 17-cv-62317, 2018 WL 6531601, at *2 (quoting *Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1275).

Here, the Center has listed each document by name, the date it was created or presented, the FWS staff who considered the document, and the context in which it was considered.  DE 33-1.  For example, one entry provides the following description: "Email between FWS staff and Florida Fish and Wildlife Conservation Commission biologists transmitting and clarifying data collection and discussing which sea level rise projections to use for the coordinated SSAs for the Cedar Key mole skink and Florida Keys mole skink."  DE 33-1 at 12.  Some descriptions are more granular than this and some less, but the Center has provided the level of detail contemplated by the standard: "reasonable, non-speculative grounds" that the documents were considered and not included in the record.  *Pac. Shores*, 448 F. Supp. 2d at 6.

Finally, FWS argues that even if the Center has shown that the documents were considered by FWS staff, it has failed "to establish that such documents were considered by the agency decisionmakers including the FWS Regional Director and/or the Director in making the challenged 'not warranted' determination."  DE 37 at 11.[6]  In light of their more fundamental dispute, the parties did not fully develop the issue of who the relevant decision-maker is for present purposes and whether the documents were directly or indirectly before that person.  Accordingly, the Court

---

[6] FWS notes: "Documents and materials indirectly considered by agency decision-makers are those that may not have literally passed before the eyes of the decision-makers, but were so heavily relied on in the recommendation that the decisionmaker constructively considered them." *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, 212 F. Supp. 3d 1348, 1352 (N.D. Ga. 2016).  The Center counters that "this standard applies to records not directly before the agency, and the Center has already demonstrated that the records at issue were directly before FWS."  DE 42 at 4 n.4.

will not include or exclude any documents on that basis. The Center has met its burden to provide "reasonable, non-speculative grounds" for completion of the record. FWS is not precluded from arguing that particular documents were not truly considered by the relevant decision-maker, but it should do so only after conferral with the Center and consideration of the efficient use of judicial resources.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED:**

1. The Motion to Compel Completion of the Administrative Record [DE 33] is **GRANTED** as follows.

2. By **May 29, 2020**, the Center shall file a notice providing an estimate of the remaining time needed to complete its summary judgment motion. The Court will then issue an amended briefing schedule.

3. By **June 3, 2020**, FWS shall file a supplement to the administrative record consistent with this Order. If FWS withholds any documents on the basis of privilege, FWS shall also file a privilege log by such date.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 26th day of May, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF